FARIA et al. v. VIOLETTE, Chief of Police, et al.

No. 299.

District Court, D. Massachusetts.

Feb. 12, 1940.

Jacob Minkin and Harold Hurwitz, both of New Bedford, Mass, for plaintiffs.

George L. Sisson, Corp. Counsel, of Fall River, Mass., for defendants.

### The Facts.

McLELLAN, District Judge.

In this civil action, five of the plaintiffs sue individually and as representatives of a labor union. Metcalf, the sixth plaintiff, whose sound truck license was withdrawn, sues as an individual. The defendants are the Mayor, the Chief of Police, the Deputy Chief of Police, the Secretary to the Chief of Police and the City Clerk of Fall River.

The plaintiffs charge a conspiracy among the defendants to deprive them of rights secured to them by the Constitution and Laws of the United States. They sought in their complaint an injunction and damages, but the alleged right to damages was waived in open Court. The defendants are charged with having acted under color of two city ordinances, which the plaintiffs say are invalid. These ordinances read:

1. "No person shall distribute posters, bills nor sheets of paper of any description, containing advertising matter of any kind, whether printed or written, in any public street, highway, or public place; nor shall cause the same to be done by another.

"Provided, however, that this section shall not prohibit the distribution of written printed notices of a meeting of any recognized organization of citizens if the contents of said notices are approved by the Mayor or such other official delegated by him to act thereon."

2. "Section 1. That an ordinance entitled 'Traffic Ordinances' adopted by the City Council on February 11, 1930, be amended by adding thereto the following new section:

"Section 35 A. No person shall operate, or use or cause to be used any vehicle commonly called 'Advertising Sound Machine' unless duly licensed therefor by the City Clerk with the approval of the Chief of Police of the City of Fall River. The fee for any such license shall be collected by the City Clerk at the annual rate of twenty-five dollars for each such license, and all

of such licenses shall expire on May first of each year. The fee for any license issued for less than one year shall be at the rate of Three Dollars per day. No such license shall authorize the operation or use, of more than one such vehicle or machine, nor authorize the operation, use or parking of any such vehicle or machine between the hours of 9:00 P.M. and 9:00 A.M. daily, nor authorize the operation, use or parking of any such vehicle or machine within one thousand feet of any hospital located in the City of Fall River."

### The First Ordinance.

After the filing of the complaint in this action, Schneider v. State, 60 S.Ct. 146, 84 L.Ed. ——, was decided by the Supreme Court of the United States on November 22, 1939, and in the light of that decision, the defendants acknowledged at the hearing before me the invalidity of the first of the above ordinances.

### The Second Ordinance.

In view of the turn which the case has taken, the only question at issue is the invalidity under the Constitution and Laws of the United States of the second ordinance set forth above. The parties have filed in the case an agreed statement of facts and the facts there stipulated are adopted as a portion of my findings of fact.

The agreed statement recites the sound truck ordinance, adopted in 1936, and says among other things that on April 12, 1939, the plaintiff Metcalf applied for a license to operate an advertising sound machine through the streets of Fall River "for a period of one day, beginning April 13, 1939." Such license was issued. On June 7, 1939, Metcalf applied for a like license for the period of one year and the license was issued by the City Clerk. When this license was applied for, Metcalf informed the acting Chief of Police of Fall River that the sound truck was to be used solely for advertising purposes. On June 8, 1939, the defendant Violette, Chief of Police of the City of Fall River, "found that the said sound truck was not being used for advertising purposes" and "notified the City Clerk that he disapproved the license". On the same day, the license was withdrawn. Thereupon the plaintiff Metcalf upon demand surrendered the license and accepted the return of the license fee. The agreed statement of Facts goes on to say:

"At the time the said sound truck was being operated adjacent to the said factory, it prominently displayed advertising matter of the plaintiff union, and an agent of the union addressed the employees of the factory concerning the benefits to be derived from union organization and rights insured to them under the Federal Labor Relations Act, and urged the employees of the factory to attend a meeting of the plaintiff union to be held at a future date, at which meeting they would be told that the factory came to Fall River looking for cheap labor, and would be told of the large profits the factory was making in addition to big salaries paid to officers of the concern and urged the employees to unionize the shop or factory. Thereafter, the plaintiffs, including Metcalf, made attempts to procure a license to operate a sound truck in the City of Fall River which was refused by the respondents Bergeron and Violette."

### Conclusions of Law.

I. The first ordinance is invalid and a decree containing the following paragraphs, to the form of which the parties have assented in open court, is to be entered. Such paragraphs read:

"1. The ordinance of the City of Fall River reading as follows:

" 'No person shall distribute posters, bills nor sheets of paper of any description, containing advertising matter of any kind, whether printed or written, in any public street, highway, or public place; nor shall cause the same to be done by another.

" 'Provided, however, that this section shall not prohibit the distribution of written or printed notices of a meeting of any recognized organization of citizens if the contents of said notice are approved by the Mayor or such other official delegated by him to act thereon.'

"And being Exhibit 'A' of the plaintiffs' Bill of Complaint is void and of no legal force and effect."

"2. The respondents, jointly and each and every one of them individually, are perpetually enjoined and restrained from enforcing said ordinance."

II. The plaintiffs have not sustained the burden of showing their right under the Constitution and Laws of the United States to injunctive or other relief in connection with the second ordinance requiring a license for the operation of an "Advertising Sound Machine" or that by virtue of the Federal Constitution and Laws such ordinance is invalid.

The decree is to contain a paragraph or paragraphs to this effect and denying an injunction or other relief in connection with the second ordinance.

III. The claim for damages appearing in the Complaint having been waived in open court the decree should so state. No costs to or against any of the parties are granted.